# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 16-1560V
### (not to be published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

DOROTHY FELIX,                \*      Special Master Oler

                                \*

                                \*

         Petitioner,       \*      Filed: May 14, 2018

                                \*

        v.                 \*      Decision; Attorneys' Fees and Costs;

                                \*      Excessive Billing.

                                \*

SECRETARY OF HEALTH AND    \*

HUMAN SERVICES,           \*

                                \*

         Respondent.     \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Nancy Routh Meyers*, Ward Black Law, Greensboro, NC, for Petitioner.

*Amy Paula Kokot*, U. S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION GRANTING ATTORNEY'S FEES AND COSTS [1]

On November 22, 2016, Dorothy Felix filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program"), alleging that she suffered from rheumatoid arthritis as a result of her October 14, 2014, influenza ("flu") vaccine.[2] However, on March 23, 2018, the parties filed a joint stipulation of dismissal (ECF No. 35), and I therefore issued an order concluding proceedings on March 29, 2018 (ECF No. 36).

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Petitioner filed a motion requesting final attorneys' fees and costs, dated March 23, 2018. *See* Motion for Attorney's Fees ("Fees App."), ECF No. 34. Petitioner requested reimbursement of attorneys' fees and costs in the total amount of $15,806.66 (representing $12,445.50 in attorneys' fees, plus $3,361.16 in costs). *Id.* at 1. However, proper calculations result in a total amount of $16,114.66.[3] Respondent filed a document reacting to the fees request on April 6, 2018, indicating that he is satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case, but deferring to my discretion the determination of the amount to be awarded. ECF No. 37. Petitioner filed a reply on April 9, 2018, reiterating the comments of Respondent to defer to my discretion. ECF No. 38.

Subsequently, Petitioner filed an amended reply to amend Attorney Nancy Meyers' hourly rates. Amended Reply, ECF No. 40. Accordingly, Petitioner requests $350.00 per hour for work performed by Ms. Meyers in 2015-2017 and $375.00 per hour for work performed in 2018.[4] ECF No. 40-1 at 1. Petitioner also requests $145.00 per hour for worked performed by paralegals. *Id.* Petitioner therefore requests reimbursement of attorneys' fees and costs in the total amount of $15,594.66, which represents $12,233.50 in attorneys' fees and $3,361.16 in costs. *Id.*

I reviewed Ms. Meyers' detailed records of time[5] and expenses incurred in this case, and find that they are reasonable. Respondent did not identify any entries as objectionable.

---

[3] Petitioner's counsel, Ms. Nancy Meyers, worked a total of 22.1 hours at the rate of $375 per hour, which totals $8,287.50. The paralegal fee incorrectly totaled $4,158.00. The paralegal time entries show a total of 30.8 hours of paralegal work at the rate of $145 per hour, which totals $4,466.00. Proper calculations result in a total amount of $16,114.66 (representing $12,753.50 in attorneys' fees, plus $3,361.16 in costs).

[4] Petitioner filed a Revised Fees and Costs Summary as an attachment of the Amended Reply. ECF No. 40-1. I will therefore refer to the attachment as "Revised Fees and Costs," and cite to the page number in accordance with the CM/ECF generated header. Petitioner also filed Attorney and Paralegal Time Entries (ECF No. 34-1) as an attachment to the present fees motion. I will refer to the attachment as "Time Entries," and cite to the page numbers in accordance with the CM/ECF generated header.

[5] I note that Petitioner's counsel billed an excessive amount of time, approximately 2.8 hours, reviewing routine communications from the Court. *See* Time Entries at 6 (Ms. Meyers billed for receipt of emails from the Court regarding notice of designation of electronic case, entry of appearance for Respondent, notice of filing of Petitioner's medical records, and notice of assignment to Special Master Hastings); *id*. at 7 (Ms. Meyers billed for receipt of Court's notice of filing of an exhibit list by Petitioner, notice of filing of medical records, notice of filing of the statement of completion); *id*. at 8-9 (Ms. Meyers billed for receiving routine Court notices). Although negligible in this instance, counsel should be cognizant in the future that it is her burden not to include excessive time entries in order to avoid a reduction in fees. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley* v. *Eckerhart*, 461 U.S. 424, 434 (1983)). *See also King v. Sec'y of Health & Human Servs.*, No. 15-0486V, 2017 WL 2256674, at *2 (Fed. Cl. Spec. Mstr. Apr. 27, 2017) (Special Master reduced one hour of attorney time because "Ms. Meyers spent an excessive amount of time reviewing the routine communications from the Court informing the parties that documents had been filed[.]")

I hereby **GRANT** Petitioner's motion for attorneys' fees and costs and award the amount requested in accordance with Petitioner's Amended Reply.  Thus, an award of **$15,594.66**[6] should be made in the form of a check payable jointly to Petitioner, Dorothy Felix, and Petitioner's counsel, Ms. Nancy Routh Meyers, Esquire, of Ward Black Law.  The clerk shall enter judgment accordingly.[7]

        **IT IS SO ORDERED.**

**s/ Katherine E. Oler**
Katherine E. Oler
Special Master

---

[6] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See Beck* v. *Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[7] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.